STATE OF WEST VIRGINIA

*v.*

JAMES CLINTON CHRISTIAN BURKS

(No. 14113)

Decided July 15, 1980.

*Lee H. Adler* for petitioner.

*Chauncey H. Browning*, Attorney General, *Thomas N. Trent*, Assistant Attorney General, for respondent.

PER CURIAM:

This is an appeal by James Clinton Christian Burks from his conviction by a jury in the Circuit Court of Raleigh County of third degree sexual assault and subsequent sentence of one to five years in the penitentiary. He alleges, among other things, that the evidence was insufficient as a matter of law to sustain his conviction; the State confesses that error was committed in that: (1) the victim of the alleged crime failed to appear at trial to testify against the defendant and (2) there was no evidence presented on lack of consent, force, or mental capacity necessary to sustain a guilty verdict under the indictment as drawn. We agree.

Petitioner was indicted for sexual assault on his seventy-two year old stepmother Arlie Mae Burks, by forcible compulsion, which is one of the elements of both first and second degree sexual assault. He was found guilty of assault in the third degree which requires in part for a finding of guilt, that one engage "in sexual intercourse with another person who is incapable of consent because he is mentally defective or mentally incapacitated."

Because there was insufficient evidence of the alleged victim's lack of consent or mental incapacity to consent to support the third degree sexual assault charge, and there was no evidence of force to sustain the charge of

assault as drawn in the indictment, the conviction must be set aside.

Syllabus Point 1 of *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978) states:

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

Because there is an acknowledged insufficiency of evidence to support the conviction of the defendant, the Double Jeopardy Clause forbids a retrial and results in a judgment of acquittal as we have stated in Syllabus Point 3 of *State v. Milam*, 163 W.Va. 752, 260 S.E.2d 295 (1979):

> " 'The Double Jeopardy Clause of the Federal and this State's Constitutions forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.' Syllabus Point 4, *State v. Frazier*, ____ W.Va. ____, 252 S.E.2d 39 (1979)."

For the reasons set forth above the judgment of the Circuit Court of Raleigh County is reversed and the case is remanded for a judgment of acquittal.

*Reversed and remanded.*